```
               UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF FLORIDA
                      TAMPA DIVISION
```

WANDA POWELL,

      Plaintiff,

v.                                   Case No.:  8:12-cv-2078-T-33TBM

CAROLYN W. COLVIN,
Commissioner of Social Security,

      Defendant.
_____/

### ORDER

This cause comes before the Court in consideration of Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act (Doc. # 21), filed on August 23, 2013.  Plaintiff seeks an award of $7,441.14 in fees. (Id.).  On September 4, 2013, the Commissioner filed a response in opposition to the motion (Doc. # 22), explaining that, although the Commissioner does not oppose the award of a reasonable attorney fee in this case, the Commissioner finds the award requested by Plaintiff to be excessive.  For the reasons that follow, the Court grants the motion as modified herein.

**A.   Eligibility for Award of Fees**

The Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, requires an award of attorney fees and costs to any

party prevailing in litigation against the United States, including proceedings for judicial review of Social Security Administration Agency action, unless the Court determines that the position of the United States was substantially justified or that special circumstances exist and make an award unjust. 28 U.S.C. § 2412(d)(1)(A).

Under the EAJA, a party may recover an award of attorney fees against the government provided the party meets five requirements: (1) the party seeking the award is the prevailing party; (2) the application for such fees, including an itemized justification for the amount sought, is timely filed; (3) the claimant had a net worth of less than $2,000,000 at the time the complaint was filed; (4) the position of the government was not substantially justified; and (5) there are no special circumstances which would make an award unjust. See 28 U.S.C. § 2412(d)(1) and (2).

1. **Prevailing Party**

On June 10, 2013, the Commissioner filed an unopposed motion to remand this case for further administrative action pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. # 18). The Court accordingly entered an Order

reversing the decision of the Commissioner and remanding this matter for further administrative proceedings. (Doc. # 19). "[A] party who wins a sentence-four remand order is a prevailing party." Shalala v. Schaefer, 509 U.S. 292, 302 (1993). Thus, Plaintiff qualifies as the prevailing party in this action.

### 2. Timely Application

The EAJA requires a prevailing party to file an application for attorney fees within thirty days of final judgment in the action. 28 U.S.C. § 2412(d)(1)(B). The thirty day clock did not begin to run in this action until this Court's Judgment, entered July 9, 2013 (Doc. # 20), became final, which would have occurred at the end of the sixty day period for appeal provided under Rule 4(a)(1)(B), Fed. R. App. P. See Shalala, 509 U.S. at 302. Because Plaintiff's motion, including an itemized justification for the amount sought, was filed on August 23, 2013, it is found to be timely filed.

### 3. Claimant's Net Worth

Plaintiff's affidavit in support of the petition for attorney fees asserts that Plaintiff's net worth was less than $2,000,000 at the time the complaint was filed. (Doc. # 21-2). The Commissioner does not contest this fact.

Accordingly, the Court finds this requirement to be satisfied.

### 4. Lack of Substantial Justification

The burden of proving substantial justification is on the government. Stratton v. Bowen, 827 F.2d 1447, 1450 (11th Cir. 1987). "Therefore, unless the Commissioner comes forth and satisfies his burden, the government's position will be deemed not substantially justified." Kimble ex rel. A.G.K. v. Astrue, No. 6:11-cv-1063, 2012 WL 5877547, at *1 (M.D. Fla. Nov. 20, 2012). In this case, the Commissioner does not dispute the issue of substantial justification. Thus, the Court finds that the government's position was not substantially justified.

### 5. No Special Circumstances

Finally, the Commissioner has not made a claim that any special circumstances exist that countenance against the awarding of fees. Accordingly, the Court finds no special circumstances indicating an award of fees would be unjust.

### B. Amount of Fees

Having determined Plaintiff is eligible for an award of fees under the EAJA, the Court now turns to the reasonableness of the amount of fees sought. Plaintiff

requests an award of fees and costs in the amount of $7,441.14, representing a sum "calculated at a rate of $172.55 per hour for 4.2 hours of work performed in 2012, and $172.55 per hour for 38.6 hours of work performed in 2013 by [Plaintiff's counsel] and his staff on this case in federal court. Plaintiff asks for an award of attorney's fees in [the] amount of $56.00 to be paid to Plaintiff's attorney calculated at the rate of $80.00 per hour for .7 hours of paralegal work." (Doc. # 21 at 1).

The amount of attorney fees to be awarded "shall be based upon the prevailing market rates for the kind and quality of the service furnished," except that attorney fees shall not exceed $125 per hour unless the Court determines an increase in the cost of living or a "special factor" justifies a higher fee award. 28 U.S.C. § 2412(d)(2)(A). The Court accepts Plaintiff's contention that a statutory cost of living adjustment in the hourly rate is appropriate. Plaintiff proposes an hourly rate of $172.55 for 2012 and 2013, and the Commissioner does not oppose this proposed hourly rate.

However, the Commissioner opposes Plaintiff's claimed entitlement to compensation for 42.8 hours of attorney time. As the Commissioner correctly argues, "Plaintiff is

only entitled to receive compensation for the number of hours *reasonably expended* by her attorney on the case. Excessive, unreasonable, or unnecessary hours expended by attorneys must be excluded from fee calculations." (Doc. # 22 at 2) (citing Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)) (emphasis in original). This Court agrees with the Commissioner that 42.8 hours of attorney time is excessive in this case. This case presented no novel issues of law warranting such an extensive investment of time, especially considering that Plaintiff's counsel is an attorney experienced in social security litigation.[1]

Specifically, the Commissioner argues that "Plaintiff's itemization of time does not identify the attorney who performed each task," and thus the Court cannot discern whether the 34.8 hours spent preparing Plaintiff's brief, for instance, resulted from duplication of work. (Doc. # 22 at 3). Additionally, the itemized list of attorney services includes time for "preparing tables," which, as the Commissioner emphasizes, "do not exist in this district court brief." (Id.). The

---

[1] Indeed, Plaintiff's counsel indicates in support of the fee motion that his "firm has represented well over 5,000 claimants before the Social Security Administration," and "has handled 532 Social Security cases in United States District Court." (Doc. # 21-1 at 2).

Commissioner thus contends Plaintiff "should be compensated for no more than half of the hours spent on her brief." (Id. at 4).

Additionally, the Commissioner maintains that the Court should deny Plaintiff's request for compensation for .7 hours of paralegal time. (Id.). The paralegal services rendered consist of "file complaint, IFP, and proposed summonses," and "preparation of transcript - combine and OCR." (Doc. # 21-1 at 13). These appear to be clerical tasks which are not compensable under the EAJA. See Mobley v. Apfel, 104 F. Supp. 2d 1357, 1360 (M.D. Fla. 2000) ("Defendant is correct that tasks of a clerical nature are not compensable as attorney's fees."); Gates v. Barnhart, 325 F. Supp. 2d 1342, 1348 (M.D. Fla. 2002) (same). Furthermore, even if tasks of this nature were compensable, Plaintiff has provided no basis in the fee motion for the proposed paralegal billing rate of $80.00 per hour.

As noted by the Eleventh Circuit in American Civil Liberties Union of Georgia v. Barnes, "it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." 168 F.3d 423, 428 (11th Cir. 1999). Accordingly, the Court finds it appropriate under the circumstances of

this case to reduce the requested fee award to $4,451.79, which represents a reduction of 17 hours of attorney work (less than half of the time claimed to prepare Plaintiff's brief in this action) at the rate of $172.55, and additionally subtracts from the requested award the amount of $56.00 for clerical tasks.[2]

C. **Payment of Fees**

The Supreme Court established in Astrue v. Ratliff, 130 S.Ct. 2521 (2010), that EAJA payments may be made directly to a plaintiff's attorney only in cases in which the plaintiff does not owe a debt to the government and the plaintiff has assigned the right to EAJA fees to her attorney. Accordingly, the fee motion requests that the fee award be paid directly to counsel only if Plaintiff does not owe a debt to the government; Plaintiff has included an assignment of fees in her affidavit attached to the motion. (Doc. # 21-1 at 2; Doc. # 21-2). As such, the Court will leave to the parties the determination of to whom the fees shall be paid.

Accordingly, it is

---

[2] 17 hours X $172.55 = $2,933.35 reduction. $2,933.35 reduction + $56.00 clerical work reduction = $2,989.35 total reduction. $7,441.14 requested fee - $2,989.35 total reduction = $4,451.79 fee award.

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act (Doc. # 21) is **GRANTED** in the modified amount of $4,451.79.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 6th day of September, 2013.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record